The lower court in the following opinion has stated the issues of this case and determined them in favor of defendant:
"This is a compensation case in which the plaintiff claims compensation due to injury suffered while acting in the course of his employment.
"Plaintiff claims that he suffered a hernia on the left side. It is admitted by the defendant and borne out by the testimony, that the plaintiff was injured during the course of his employment and that this injury resulted in a hernia on the left side. The testimony further shows that this plaintiff reported his injury and was sent to Dr. Graves for examination and treatment and that Dr. Graves found that plaintiff had suffered a hernia and advised an operation. The plaintiff was perfectly willing to undergo an operation and was placed in St. Francis Sanitarium and operated on *Page 551 
for hernia a very short while after the accident. The testimony shows that he remained in the hospital around four or five weeks and then went to his home in the city of Monroe. The plaintiff reported to Dr. Graves for examination periodically after he left the sanitarium.
"After plaintiff had been paid a little over thirteen weeks' compensation, after that time had elapsed, he was discharged by Dr. Graves as being completely recovered and ready to return to work. Dr. Graves testified that he found him to be completely recovered and able to return to work when he examined him the last time and that he discharged him. He testified that plaintiff at that time informed him that he did not feel like going back to work. The plaintiff testifies that he has pain constantly on this left side. The testimony further shows that he was operated on for hernia back in 1931 or 1932 on the right side. The plaintiff says he has fully recovered and feels no pain from that operation on that side. The plaintiff says he has tried to do work but that he suffers pain and cannot work.
"Dr. Mosely, Dr. Gray and Dr. Hirsch, all three, testified for plaintiff. They testified that, in their opinion, he is still disabled and unable to work, Dr. Mosely and Dr. Gray testifying that they based their opinions on objective as well as subjective symptoms; that in their opinion when this man was operated on by Dr. Graves, certain nerves, which they named, had become incorporated in the scar tissue and that that was what was causing the pain and, in their opinion, it would not be corrected until there had been another operation performed on the plaintiff to relieve this condition. They stated that the reason they felt sure this was where the trouble was, was because of the objective symptoms they found, which was the condition of the left cord and the condition of the scar tissues; their testimony being to the effect that this left cord was much enlarged and that this condition was caused by the nerves being impinged.
"Dr. Hirsch testified for the plaintiff. He testified that the plaintiff is still disabled but that he did not think it was due to any nerve being involved but was due to an inflammatory condition of the cord which he described as being a post-operative condition; that it would clear up; that it would be pure guess work as to how long it would take to clear up, but that he thought it would take some time, and that plaintiff would be disabled for some time and until this condition had cleared up. He stated that he found mostly the objective symptoms, that this cord on the left side was much enlarged, that is, larger than the one on the right.
"Dr. Graves, who performed the operation and who is the only witness before the Court, and, so far as the Court knows, the only doctor who examined plaintiff before the operation, testified that when he examined the plaintiff, prior to the operation, he found the left cord enlarged and that he called plaintiff's attention to that fact prior to the operation; that after the operation the left cord was enlarged and was enlarged the last time that he examined him at the end of the thirteenth week, during which compensation was paid; and that the left cord which he testified was enlarged was the same size during all of the time that he examined him after the operation that it was prior to the operation. In other words, that there was no change in the size of the cord after the operation.
"Dr. Bendel testified for the defendant that he had examined plaintiff on March 2d, this year, and that he found the left cord enlarged, that is, larger than the right one; that in his opinion this plaintiff had completely recovered from the operation and that he sees no reason why he couldn't return to work.
"Dr. Mosely, who testified as a medical witness for the plaintiff, at the request of counsel for plaintiff, had plaintiff take down his clothes and exhibit to the Court the parts involved, so far as possible; that is, the outside scar where the incision was made to perform the operation and the privates of the plaintiff. Dr. Mosely then, as he described in his testimony, proceeded to demonstrate to the Court the reaction of this plaintiff to a physician's examination. Dr. Mosely, as he later testified, while the Court was watching and for the benefit of the Court, then would move or palpate first one testicle and then the other, that is, the right or left, without the plaintiff being able to see which one he was going to touch or move, and the Court was careful to note all of the reactions of the plaintiff. The Court feels that this is important in this case, as the doctors have testified, it is true in this case like it is in every case, that in the last analysis only the injured party himself can say whether he suffers pain, for anybody's else *Page 552 
statement, even that of the physician, is an opinion.
"The Court watched, therefore, very carefully the reaction of this plaintiff, as the testimony showed that this plaintiff had suffered a hernia on the right side over ten years ago, or about ten years ago, and, according to plaintiff's statement, had fully recovered therefrom and suffers no pain therefrom. Dr. Mosely testified that when he examined this man the same way in his office, whenever the left side was moved the plaintiff would flinch and show every evidence of pain. The Court noted carefully that in the examination made by Dr. Mosely in the presence of the Court, that this plaintiff not only flinched, but gave every impression in his face of suffering great pain and every indication, every symptom showed that he suffered severe pain.
"However, the Court carefully noted that this occurred when Dr. Mosely touched the right testicle, as well as when he touched the left one, the plaintiff not knowing in advance which he was going to touch. In view of the fact that plaintiff claims he has no disability on his right side, the Court is at a loss to understand why he would give the same reaction when the right side was touched that he would as of the left. In the last analysis, Dr. Mosely, Dr. Gray and Dr. Hirsch all base their opinion on the condition which they find the left cord to be in at the present time. They themselves state this fact. Dr. Graves testified positively that the cord was in the same condition prior to the operation. This testimony of Dr. Graves is, of course, uncontradicted. Dr. Graves testifies he called the plaintiff's attention to this fact before the operation.
"Plaintiff is called upon to prove his case by a preponderance of testimony. In this case the testimony of the three doctors who state that this plaintiff is at present disabled, is based entirely on the condition that they find the cord to be in. In view of the fact that Dr. Graves testified that this cord was in the same condition prior to the operation, it would be a physical impossibility for the operation to have caused the condition found by the three doctors when that condition existed prior to the operation.
"In view of this testimony, the Court feels that the plaintiff failed to show that any disability exists, as there is no claim that the hernia has not been cured by the operation. The present claim of disability being one which would be due as the result of the operation not being successful or to injury which occurred or was suffered during the operation.
"For the reasons above assigned, there should be judgment in favor of the defendant."
After a careful study of the record, we cannot say there is manifest error in the opinion and judgment of the lower court. The only issues involved are factual ones and the lower court saw and heard the witnesses testify, especially the plaintiff, and has put into its written opinion the observations made by it. If the other testimony in the case preponderated greatly in favor of plaintiff, we would be justified in not allowing the observations to control our decision, but the evidence does not preponderate greatly in favor of plaintiff. The conclusion reached by the lower court after observing plaintiff while under examination strikes squarely at the credibility of plaintiff's testimony, and the lower court was in a far better position to determine that than we are.
We cannot point out error in the judgment of the lower court, and it is affirmed.